IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH BROWN : CIVIL ACTION
:
v. :
: No. 13-3424
SUPERINTENDENT BICKELL, et al. :

**FILED**

MAY 21 2015

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS
CHIEF UNITED STATES MAGISTRATE JUDGE

May 21, 2015

Presently before the court is a Petition for Writ of Habeas Corpus filed by Kenneth Brown ("Petitioner") pursuant to 28 U.S.C. § 2254. Petitioner, who is currently serving a term of 30 to 60 years' incarceration at the State Correctional Institution – Huntingdon, seeks habeas relief based on a claim of ineffective assistance of counsel in recommending a guilty plea. The Honorable Juan R. Sanchez referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner not be afforded habeas relief.

**I. FACTUAL AND PROCEDURAL HISTORY[1]**

On January 29, 2010, Petitioner entered a negotiated guilty plea on charges of third degree murder, theft, flight to evade apprehension, false imprisonment, abuse of a corpse, and tampering with evidence. *Commonwealth v. Brown*, 48 A.3d 1275 (Pa. Super. 2012). The facts giving rise to the charges are as follows:

> [O]n the night of the incident, [Petitioner], the decedent, and a friend were traveling in a car when [Petitioner] and the decedent began verbally fighting. From the backseat, [Petitioner] grabbed and choked the decedent before the friend intervened. The decedent exited the vehicle and [Petitioner] continued to assault

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition, inclusive of all exhibits attached thereto, his Memorandum of Law, inclusive of all exhibits attached thereto, the Commonwealth's Response, inclusive of all exhibits thereto, and the state court record.

> her on the sidewalk in front of witnesses. [Petitioner] used his fist and feet to punch and stomp her. [Petitioner] dragged the decedent back into the car and drove alone with her to a remote location. The autopsy revealed that [Petitioner] ran over the decedent, as evidenced from tire treads.

*Id.* at 1278. The court accepted the plea and imposed an aggregate sentence of 30 to 60 years.[2] *Id.* at 1277. Petitioner did not file a direct appeal. Petition, ¶ 8; Response, ¶ 8.

On December 2, 2010, Petitioner, *pro se*, sought state collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. Response, ¶ 9 and Exhibit B thereto. Appointed counsel filed an amended petition on September 27, 2011. Response, ¶ 9 and Exhibit C thereto. On December 16, 2011, the PCRA court held an evidentiary hearing to address Petitioner's claims that (1) his guilty plea was induced by ineffective assistance of counsel, in that counsel recommended the guilty plea because they were not prepared for trial; and (2) counsel were ineffective in recommending a guilty plea to the charge of false imprisonment, because there was no factual basis for that charge. Response, ¶ 10, 11 and Exhibit D thereto. Patricia Spotts, Esquire and David Blanck, Esquire, both of the Office of the Public Defender of Lancaster County, testified, as did Petitioner. Response, Exhibit D. Following the hearing and submission of briefs, on February 29, 2012, the PCRA court issued an order and opinion denying relief. Response, ¶ 11 and Exhibits E and F thereto. On July 10, 2012, the Pennsylvania Superior Court affirmed the PCRA court's denial of Petitioner's claims. *Brown, supra*. The Pennsylvania Supreme Court denied *allocator* on February 13, 2013. *Commonwealth v. Brown*, 63 A.3d 773 (Pa. 2013) (table). Petitioner did not seek *certiorari* in the U.S. Supreme Court.

---

[2] The sentences imposed are as follows: Count I, third degree murder, 20 to 40 years; Count II, theft by unlawful taking, 3 ½ to 7 years; Count III, flight to evade apprehension, 3 ½ to 7 years; Count IV, false imprisonment, 1 to 2 years; Count V, abuse of a corpse, 1 to 2 years; and Count VI, tampering with evidence, 1 to 2 years. Guilty Plea Hearing, N.T. 1/29/10, at 28-29.

On May 22, 2013,[3] Petitioner filed the instant habeas petition, claiming that trial counsel were ineffective in that they failed to conduct an adequate investigation or prepare defenses, and failed to discuss the possibility of a manslaughter verdict with Petitioner. Instead, they recommended that Petitioner accept the guilty plea offered by the Commonwealth rather than go to trial. Pet. ¶ 12; Resp. ¶ 14. The Commonwealth responds that the claim lacks merit. Resp. ¶ 15. This court finds that Petitioner's claim lacks merit, and, accordingly, Petitioner cannot be afforded habeas relief.

## II. DISCUSSION

### A. AEDPA Standard of Review

Petitioner's claim is that counsel was ineffective for failing to prepare for trial, failing to consult with Petitioner, and failing to discuss the possibility of a manslaughter verdict with him. Pet. ¶ 12; Resp. ¶ 14. The Commonwealth does not challenge the claim on any procedural ground, and it appears that the claim was resolved by the state court. As such, it is eligible for federal review under the deferential standard established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that habeas relief is precluded, unless the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

---

[3] This habeas corpus petition was originally filed in the Middle District of Pennsylvania, and docket by the Clerk of Court on June 7, 2013. *See* docket entries in *Brown v. Bickell*, U.S.D.C., M.D. Pa., No. 13-1527, included with doc. no. 1. By order dated June 10, 2013, the action was transferred to this district pursuant to 28 U.S.C. § 1404(a), the state court which accepted Petitioner's plea, hence all relevant records, being located here. *See* Order and Memorandum, included with doc. no. 1. Though the petition was docketed on June 7, 2012, because Petitioner was a *pro se* inmate at the time, his petition must be deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Here, Petitioner's signature appears on the § 2254 form petition in the space provided for an attorney's signature, not in the space provided for *pro se* litigants. Petition, included with doc. no. 1, pp. 18 and 19. Moreover, the petition is not dated. Pet. p. 19. However, the Application for Prisoners to Proceed in District Court Without Prepaying Fees or Costs that accompanied the petition was signed on May 22, 2013. Application, included with doc. no. 1, p.2. Absent any evidence to the contrary, the court will deem this earlier date that of filing. The Commonwealth did not challenge the timeliness of the petition.

3

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The habeas statute further provides that any findings of fact made by the state court must be presumed to be correct. Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court's adjudication of a claim is contrary to U.S. Supreme Court precedent, if the state court has applied a rule that contradicts the governing law set forth in Supreme Court precedent or if the state court confronts a set of facts which are materially indistinguishable from a decision of the Supreme Court and the state court arrives at a different result from the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). When determining whether a state court's decision was contrary to U.S. Supreme Court precedent, the habeas court should not be quick to attribute error. *See Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*). Instead, state court decisions should be "given the benefit of the doubt." *Id.* In this regard, it is not necessary that the state court cite the governing Supreme Court precedent or even be aware of the governing Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*). All that is required is that "neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Id.*

If, however, the state court correctly identifies the governing U.S. Supreme Court precedent, unreasonable application analysis, rather than contrary analysis, is appropriate. *Williams*, 529 U.S. at 406. A state court decision constitutes an unreasonable application of Supreme Court precedent if the state court correctly identifies the governing legal rule but applies it unreasonably to the facts of the petitioner's case. *Id.* at 407-08. In making the unreasonable application determination, the habeas court must ask whether the state court's

4

application of Supreme Court precedent was objectively unreasonable. *Williams*, 529 U.S. at 409. The habeas court may not grant relief simply because it believes the state court's adjudication of the petitioner's claim was incorrect. *Id.* at 411. Rather, the habeas court must be convinced that the state court's adjudication of the claim was objectively unreasonable.

In evaluating a case under § 2254(d)(1), the habeas court is limited to considering the factual record that was before the state court when it ruled, *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011), and the relevant U.S. Supreme Court precedent that had been decided by the date of the state court's decision. *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011). It is permissible to consider the decisions of lower federal courts which have applied clearly established U.S. Supreme Court precedent to decide that a state court's application of U.S. Supreme Court precedent was reasonable. *See Fischetti v. Johnson*, 384 F.3d 140, 149 (3d Cir. 2004). However, the § 2254(d)(1) bar to habeas relief cannot be surmounted solely based upon lower federal court precedent, i.e., lower federal court precedent cannot justify a conclusion that a state court's application of U.S. Supreme Court precedent was unreasonable; only U.S. Supreme Court precedent is acceptable authority for that conclusion. *Renico v. Lett*, 559 U.S. 766, 778-79 (2010).

The Supreme Court, addressing AEDPA's factual review provisions in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceedings." *Id.* at 340. A clear example of an unreasonable factual determination occurs where the state court erroneously finds a fact that lacks any support in the record. *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). In that extreme circumstance, the presumption of correctness under §

2254(e)(1) is also clearly and convincingly rebutted. *Id.* Finally, if the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceedings, habeas relief is not barred by § 2254(d)(2).[4]

## B. Ineffective Assistance of Trial Counsel

### 1. Ineffective Assistance of Counsel Standard

A claim of ineffective assistance of trial counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In making this determination, the court's scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. The court should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In short, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotations omitted).

Second, the petitioner must show that trial counsel's deficient performance "prejudiced the defense" by "depriv[ing] the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687. That is, the petitioner must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "A

---

[4] Within the overarching standard of § 2254(d)(2), a petitioner may attack specific factual determinations made by the state court that are subsidiary to the ultimate decision. *Lambert v. Blackwell*, 387 F.3d 210, 235 (3d Cir. 2004). Here, § 2254(e)(1) instructs that the state court's factual determination must be afforded a presumption of correctness that the petitioner can rebut only by clear and convincing evidence. *Id.* A petitioner may develop clear and convincing evidence by way of a hearing in federal court, if he satisfies the prerequisites for that hearing found in 28 U.S.C. § 2254(e)(2). *Lambert*, 387 F.3d at 235. In the final analysis, even if a state court's individual factual determinations are overturned, the remaining findings must still be weighed under the overarching standard of § 2254(d)(2). *Lambert*, 387 F.3d at 235-36.

6

reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.* at 694, but it is less than a preponderance of the evidence. *Id.* at 693, 694.

If the petitioner fails to satisfy either prong of the *Strickland* test, there is no need to evaluate the other part, as his claim will fail. *Id.* at 697. Further, trial counsel will not be found ineffective for failing to present an unmeritorious claim or objection. *Johnson v. Tennis*, 549 F.3d 296, 301 (3d Cir. 2008).

Where, as here, the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(d)(1). *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The Court has stated:

> Establishing that a state court's application of *Strickland* was unreasonable under 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential," *id.* at 689; *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, 117 S. Ct. 2059, 138 L. Ed.2d 481 . . . (1997), and when the two apply in tandem, review is 'doubly' so. *Knowles*, 556 U.S. at ___, [129 S. Ct. at 1420]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ___, [129 S. Ct. at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Premo v. Moore*, 562 U.S. 115, 122-23 (2011) (quotation omitted).

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), and strict adherence to the *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage. *Premo*, 562 U.S. at 125. In this context, "[i]n determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was a manifest deficiency in light of information then available to counsel.

*Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993). AEDPA compounds the imperative of judicial caution." *Premo, supra,* at 125.

In *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires that a guilty plea be entered intelligently and voluntarily. Before pleading guilty, a criminal defendant should be advised of "all of his constitutional rights and protections, including the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, the right to trial by jury, and the right to confront one's accusers." *Hill v. Beyer*, 62 F.3d 474, 480 (3d Cir. 1990), citing *Boykin*, 395 U.S. at 243. However, "the Supreme Court did not specify a mandatory litany and the failure to advise a defendant of each right does not automatically invalidate the plea." *United States v. Stewart*, 977 F.2d 81, 84 (3d Cir. 1992), *cert. denied*, 507 U.S. 979 (1993).

"A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden." *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994). This burden is even weightier where a petitioner's claims on habeas review contradict statements made during a plea colloquy, because a presumption exists that a petitioner's statements at the plea colloquy are truthful. *See Blackledee v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant . . . at [a plea] hearing . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Blount*, 940 F. Supp. 720, 738 (E.D. Pa.) ("A defendant's sworn colloquy before this court is not something we take lightly."), *aff'd*, 100 F.3d 949 (3d Cir. 1996), *cert. denied*, 519 U.S. 1083 (1997).

## 2. Application of the Standard – Merits of Petitioner's Claim

Applying legal standards indistinguishable from the foregoing,[5] the PCRA court rejected Petitioner's ineffective assistance claim on its merits. The PCRA court carefully considered the testimony of Petitioner's counsel as to trial preparation and consultation with Petitioner, finding as follows:

> [I]t is the [Petitioner's] contention that counsel was unprepared for trial and did not consult with the [Petitioner] adequately prior to the plea. [Petitioner] claims neither Attorney Spotts or Attorney Blanck discussed potential trial defenses with him. He was simply told that he would likely lose at trial and receive a life sentence. He claims that counsel did not discuss with him a potential for any verdict less than Third Degree Murder; voluntary manslaughter was never discussed as a possible outcome. Under the [Petitioner's] set of facts, he believes he had no choice but to plead guilty.
>
> Testimony presented at the PCRA Hearing on this issue, however, squarely refutes the [Petitioner's] story. Attorney Blanck, having practiced criminal law exclusively for over 20 years, testified that he met with the [Pettioner] at least five times prior to entering the plea agreement. (Notes of Testimony PCRA (N.T.PCRA) 31). Their conversations included whether to waive the preliminary hearing and discussions about possible defenses. (N.T.PCRA 37). Attorney Blanck specifically recalled discussing involuntary manslaughter as a possibility, and he remembered the [Petitioner] felt it was a very viable option. (N.T.PCRA 37). Attorney Blanck discussed the elements of involuntary manslaughter with the [Petitioner], and expressed his concern about how malice would be proved with the given facts of the case. (N.T.PCRA 37). The [Petitioner's] assertion that counsel was not prepared for trial is completely inaccurate as both attorneys had been meeting with the [Petitioner] and discussing the issues with the [Petitioner] all in anticipation of trial. (N.T.PCRA 23, 39).
>
> . . . Both counsel and the [Petitioner] were aware of the various outcomes resulting from a trial, and were most concerned about a First Degree Murder conviction with a sentence of life imprisonment. (N.T.PCRA 13-15). The [Petitioner] chose the plea

---

[5] Specifically, the PCRA court evaluated Petitioner's claims under *Commonwealth v. Miller*, 746 A.2d 592, 598 (2000), which requires a defendant to demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) counsel's performance caused prejudice.

9

agreement, where he knew his sentence should it be accepted by the Court, rather than putting his fate into the hand of a jury. He did this knowingly and voluntarily.

*Commonwealth v. Brown*, No. 0353-2009, at 3-5 (C.P. Lanc., Feb. 29, 2012), Appendix, Exhibit F.[6]

It is of note that the PCRA court specifically found, based on the testimony of Attorney Blanck, that trial counsel did, in fact, discuss with Petitioner the possibility of a manslaughter verdict. This factual determination had a reasonable basis in the record. Plaintiff's habeas claim, to the extent it is based on counsel's alleged failure to discuss the possibility of a manslaughter verdict with Petitioner, must be denied.

On appeal, the Superior Court affirmed the PCRA court's denial of Petitioner's claim, focusing on Petitioner's statements at the Guilty Plea Hearing. The court stated:

> The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather "[a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." **Commonwealth v. Moser**, 921 A.2d 526, 528-29 (Pa. Super. 2007).
>
> A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled. **Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001). Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness actually caused an involuntary or unknowing plea. *Id.*
>
> [Petitioner's] position is that, because of all the foregoing points,[7] he felt coerced, at the time of his plea hearing, to enter a

---

[6] The PCRA court also rejected on its merits Petitioner's claim that trial counsel were ineffective in that they recommended he plead guilty to false imprisonment though there was no factual basis for the charge. *Brown*, 48 A.3d at 1278-79. Petitioner did not raise that claim in his habeas petition. Petition, ¶ 12.

[7] On appeal from the PCRA decision, Petitioner claimed that counsel did not consult with him to prepare defenses, told him that if he went to trial, he would likely lose and receive a sentence of life imprisonment, never discussed the possibility of obtaining a verdict of less than third degree murder, never discussed the false imprisonment charge with him, and caused him to waive his preliminary hearing by promising to supply discovery materials, which Petitioner claims he never received. *Brown*, 48 A.3d at 1277.

> guilty plea. However, at that hearing, [Petitioner] testified that it was his decision to plead guilty, and that he was satisfied with the representation provided by counsel. N.T., 01/29/10, at 16. [Petitioner] is bound by the statements made during the plea colloquy, and he may not now offer contradictory reasons for withdrawing his plea. [Petitioner] may not be pleased with the results of entering a guilty plea, but he cannot now obtain relief by claiming he felt pressured by counsel to plead guilty.

*Brown*, 48 A.3d at 1277-78 (emphasis in original).

At the Guilty Plea Hearing, Petitioner acknowledged that, prior to the hearing, he had signed a guilty plea slip enumerating the charges to which he intended to plead guilty, N.T. 1/29/10, 12, and a written guilty plea colloquy. *Id.* He confirmed that he had been afforded an opportunity to review all of his rights with his counsel prior to the hearing and that he understood those rights. *Id.* at 12-13. He stated that no threats or promises had been made to induce him to plead guilty and specifically stated that it was his decision to plead guilty. *Id.* at 15-16. Finally, he confirmed that he was satisfied with the representation provided to him by Attorneys Blanck and Spotts. *Id.* at 16.

The Superior Court correctly identified the law governing Petitioner's statements at the guilty plea hearing, and reasonably applied that law to those statements. In light of the presumption that Petitioner's statements at his guilty plea hearing were truthful, *see Blackledee, supra*, and after review of the guilty plea hearing, this court finds that the Superior Court's rejection of Petitioner's claim was not unreasonable.

### III. CONCLUSION

Petitioner's claim lacks merit under the appropriate federal standard of review. Reasonable jurists would not debate this court's procedural and substantive disposition of Petitioner's claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## **RECOMMENDATION**

AND NOW, this 21st day of May, 2015, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that Petitioner's claim be **DENIED** without an evidentiary hearing. Petitioner has not demonstrated that any reasonable jurist could find this court's rulings debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability for his claim.

Petitioner may file objections to the Report and Recommendation within fourteen (14) days of being served with a copy of it. See Local R. Civ. P. 72.1(IV). Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

_____
CAROL SANDRA MOORE WELLS
Chief United States Magistrate Judge