**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH BROWN,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.  13-CV-3424** |
| | : | |
| **BICKELL**, *et al.,* | : | |
| **Respondents.** | : | |

<u>**MEMORANDUM**</u>

**Chief Judge Juan R. Sánchez**                                              **October  26, 2022**

*Pro se* Petitioner Kenneth Brown, a prisoner in Pennsylvania custody and currently serving an aggregate term of 30 to 60 years of incarceration after his negotiated guilty plea to charges of third-degree murder, theft, flight to evade apprehension, false imprisonment, abuse of a corpse, and tampering with evidence,[1] has filed a Motion for Relief from Order (ECF No. 18), seeking relief under Fed. R. Civ. P. 60(b).  Brown seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.      BACKGROUND**

The procedural history and factual background of Brown's conviction is fully set forth in the Report and Recommendation (R&R) prepared by Magistrate Judge Carol Sandra Moore Wells. (ECF No. 9.)  Accordingly, the Court outlines only the information necessary to place the instant Motion in context.

On May 22, 2013, Brown filed a federal habeas petition in which he articulated one claim: trial counsel were ineffective in that they failed to conduct an adequate investigation or prepare

---

[1] *See* CP-36-CR-0000353-2009.

defenses and failed to discuss the possibility of a manslaughter verdict with Brown but, rather than go to trial, instead recommended that Petitioner accept the guilty plea offered by the Commonwealth.  Pet. (ECF No. 1-1) at 8 ¶ 12; Resp. (ECF No. 6) at 4 ¶ 14.  The Commonwealth responded that the claim lacked merit.  Resp. at 4 ¶ 15.  This Court referred the matter to Magistrate Judge Wells, who recommended that this Court find Brown's claim lacked merit and that he not be afforded habeas relief.  R&R (ECF No. 9).  Petitioner did not file objections.  After careful and independent consideration, on June 15, 2015, this Court agreed, found the claim lacked merit; approved and adopted the Report and Recommendation; denied the petition; and denied a certificate of appealability.  Order (ECF No. 12).

In the current Motion, Brown seeks relief pursuant to Rule 60(b).  Re-asserting that his trial counsel were ineffective, he asserts that this Court and the state courts erred in multiple ways by finding his counsel were not ineffective and therefore also by upholding his guilty plea and negotiated sentence (ECF No. 18 throughout, & esp. at 25-33.)[2]

## II.     STANDARDS

### A.     Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

      **B.**      **Second or Successive Habeas Petitions**

      Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  *See,* Brian R. Means, *Federal Habeas Manual* § 11:42 (2022) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is").

      In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which using Rule 60(b) is "inconsistent with" AEDPA's second or successive

petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[3] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

## III.   DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Brown's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear.

---

[3] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

Because Brown is again asserting that counsel were ineffective, and that this Court erred on the merits, he is presenting a substantive claim that challenges his judgment of sentence.  Therefore, the Motion must be construed as an unauthorized second or successive habeas petition.  Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

/s/   Juan R. Sánchez

**JUAN R. SÁNCHEZ,      C.J.**